**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

The Education Resources Institute, Inc.,
Plaintiff,

Civil No. 01-782

vs.

**AFFIDAVIT OF JOHN OLCHEFSKE**

Daniel A. Dettlaff,

Defendant.

---

STATE OF MINNESOTA )
)SS.
COUNTY OF HENNEPIN )

I, John Olchefske, being first duly sworn upon oath, state as follows:

1. The above-entitled matter came on for hearing before The Honorable James M. Rosenbaum, United States Chief District Judge, on Plaintiff's Motion for Summary Judgment. Oral arguments were heard by the Court on May 8, 2002. Plaintiff appeared by and through Kris A. Wittwer, Esq., of the law firm of Stewart, Zlimen & Jungers. Based on the files, records, and proceedings herein, and for reasons stated at the hearing the Court granted Plaintiff's Motion for Summary Judgment. A true and correct copy of Plaintiff's Notice of Motion and Motion, Plaintiff's supporting Affidavit setting forth the balance due (with Exhibit "K" only), and the Court's Order, are attached hereto as Exhibits "A", "B" and "C" respectively.

2. The above-entitled matter was before The Honorable James M. Rosenbaum, United States Chief District Judge, on Defendant's appeal of an Order dated July 2, 2002, granting Plaintiff's Motion for Attorney Fees in the amount of $12,675.00. On August 30, 2002, based on a thorough review of

the files, records, and proceedings herein, the Court affirmed the Order. A true and correct copy of the Order is attached hereto as Exhibit “D”.

4. Plaintiff-Appellee brought a Motion for an Award of Attorney Fees and Costs on Appeal. On February 26, 2003, the Court granted Appellee’s request for Attorney Fees and granted an award for attorney fees in the amount of $3,400.00 and costs in the amount of $191.40. A true and correct copy of the Order is attached hereto as Exhibit “E”.

Dated: April 12, 2005 **STEWART, ZLIMEN & JUNGERS, LTD.**

_/s/ John Olchefske_______________

John Olchefske, #329769
Kris A. Wittwer, #165311
Attorneys for Plaintiff
430 Oak Grove Street #200
Minneapolis, MN 55403
612-870-4100

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
COURT FILE NO: 01-782 JMR/FLN

---

The Education Resources Institute, Inc.

Plaintiff,

vs.

Daniel A. Dettlaff,

Defendant.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

---

To: Defendant Daniel A. Dettlaff, 809 Gramsey Place, Burnsville, MN 55306:

PLEASE TAKE NOTICE, that on the 1st day of May, 2002, at 9:30 a.m. or as soon thereafter as counsel may be heard at the Warren E. Burger Federal Building, Courtroom #3, 316 North Robert Street, St. Paul, Minnesota, before The Honorable James M. Rosenbaum, U.S. District Court Judge, Plaintiff by and through its counsel shall move the Court for the following relief:

1. Granting Plaintiff summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure;

2. Dismissing Defendant's Counterclaim with Prejudice;

3. Granting Plaintiff its reasonable attorney's fees, costs, and disbursements incurred herein; and

4. For such other and further relief as the Court deems appropriate.

This motion is based upon all the files, records, and proceedings herein, the accompanying memorandum of law, affidavits submitted in support of this motion, and the arguments presented at the hearing of this motion.

Dated: 3-20-02

**STEWART, ZLIMEN & JUNGERS, LTD.**

Kris A. Wittwer, I.D. #165311
Attorneys for Plaintiff
430 Oak Grove Street, #200
Minneapolis, MN 55403
Phone: (612) 870-4100

This is a communication from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
COURT FILE NO: 01-782 JMR/FLN

---

The Education Resources Institute, Inc.

Plaintiff,

vs.

Daniel A. Dettlaff,

Defendant.

---

**AFFIDAVIT OF WARREN C. MOORE**

---

I, Warren C. Moore, declare under penalty of perjury that the following is true and correct:

1. I am the Vice President - Recovery of First Marblehead Education Resources, Inc. ("FMER"). Previously, I was the Vice President - Recovery of the Plaintiff, The Education Resources Institute ("TERI"). The facts set forth in paragraphs 1 through 28 of this Affidavit are based on my own personal knowledge.

2. On or about July 1, 2001, TERI began transferring to FMER operating assets involved in its business of loan origination, loan underwriting, guaranty claims processing, and loan collections.

3. In connection with foregoing asset transfer, TERI and FMER entered into a Master Servicing Agreement. The Master Servicing Agreement designates and appoints FMER as TERI's agent and consultant to provide all origination services (including underwriting, documentation, technical support and disbursements), customer service, collections, accounting services, guarantee claims management and administrative services reasonably required by TERI to service TERI's student loan programs. The appointment set forth in the Master Servicing Agreement includes a limited power for FMER to act as TERI's attorney-in-fact for purposes of prosecuting and settling all collections of defaulted loans owned by TERI.

4. To enable FMER to fulfill its obligations to TERI under the Master Servicing Agreement, TERI transferred to FMER custody of business records relating to TERI student loan programs, including, *inter alia*, the original promissory notes and other evidences of indebtedness of student loans owned by TERI (collectively, the "Student Loan Records").

5. In my capacity as Vice President - Recovery of TERI, and as Vice President - Recovery of FMER, I have had custody of Student Loan Records. It was TERI's regular practice to make Student Loan Records, and Student Loan Records were kept in the regular course of TERI's business until transferred to FMER. The Student Loan Records were made at or near the time of the acts, events, conditions or opinions referenced therein by persons with actual knowledge or from information transmitted by persons who had actual knowledge of such information.

6. At all times since TERI transferred custody of the Student Loan Records to FMER, I have, in my capacity as Vice President - Recovery of FMER, maintained custody of the Student Loan Records and all new business records required to be kept or maintained by FMER to fulfill its obligations to TERI under the Master Servicing Agreement. It is FMER's regular practice to keep the Student Loan Records current and to make such new business records, and such business records are kept in the regular course of FMER's business. Such records are made at or near the time of the acts, events, conditions or opinions referenced therein by persons with actual knowledge or from information transmitted by persons who have actual knowledge of such information.

7. The facts set forth below are true and are based upon personal knowledge and upon my review of the business records of TERI and FMER.

8. The Law Access Loan Program is a national loan program administered by Law School Admissions Services, Inc. The Program is designed specifically for law students.

9. The Law Access Loan Program provides thousands of loans to law students on an annual basis. The Program provides students access to three types of loans. The three types of loans available to law students under the Law Access Loan Program are the: (1) Guaranteed Student Loan (GSL); (2) Supplemental Loans for Students loan (SLS); and (3) Law Access Loan (LAL).

10. Law School Admission Services, Inc. administers the Law Access Loan Program and works with a number of organizations to implement the Program. The organizations it works with are responsible for providing capital, servicing, and guarantying the loans.

11. Guaranteed Student Loans and Supplemental Student Loans are federally subsidized loans. The Law Access Loan is a privately funded loan and does not receive a federal subsidy.

12. Servicing of the Law Access Loan is performed by several entities, including The GraduateLoan Center, a division of Pennsylvania Higher Education Assistance Agency. Providing a guaranty for the Law Access Loan is performed by a number of institutions, including The Education Resources Institute, Inc. ("TERI"). TERI guarantees approximately 1,200 Law Access Loans annually. Since 1985, TERI has been the guarantor on nearly 20,000 Law Access Loans.

13. TERI is a private nonprofit corporation created pursuant to the laws of the State of Massachusetts. The principal purpose of TERI is to guarantee and thereby facilitate the making of educational loans. True and correct copies of TERI's Articles of Incorporation, and documents from the Internal Revenue Service and the Massachusetts Department of Revenue concerning TERI's nonprofit status are attached hereto as Exhibit "A".

14. On or about May 10, 1994, Defendant executed a 1993-94 Law Access Loan application and promissory note. A true and correct copy of the Law Access Loan Application and Promissory Note is attached hereto as Exhibit "B".

15. The lender named in the application and promissory note is Society National Bank.

16. The guarantor named in the application and promissory note is The Education Resources Institute, Inc. The note provides:

> G. PREPAID FINANCE CHARGES
>
> A. Guarantee Fee - I will pay a guarantee fee to you, a portion of which you will forward to The Education Resources Institute, Inc. (hereinafter referred to as "TERI") to pay for its guarantee of this Promissory Note. I will pay a guarantee fee equal to 8% of the amount of each disbursement.
>
> *
> *
> *
>
> O. ADDITIONAL AGREEMENTS
>
> *
> *
> *
>
> 2. If TERI is required under its guaranty agreement to repay my loan, TERI will become the owner of this Promissory Note and as my creditor will have all the rights of the original lender to enforce this Promissory Note against me.

17. On or about June 21, 1994 , Society National Bank disbursed $4,755.00 arising from the May 10, 1994 promissory note and application. On or about August 1, 1994 Society National Bank made a second disbursement of $4,850.10. True and correct copies of the disbursement records are attached hereto as Exhibits "C" and "D", respectively.

18. The amounts loaned to Defendant remained in a deferred payment status while he remained a student a William Mitchell College of Law.

19. On or about November 17, 1998, following the deferment period, payments were to commence on a monthly basis. A true and correct copy of the repayment record is attached hereto as Exhibit "E".

20. Servicing of Defendant's Law Access Loans was performed by The GraduateLoan Center.

21. Despite payments being due, no payments had been credited to Defendant's account and on or about April 20, 1999, the GraduateLoan Center transferred all right, title and interest arising from Defendant's promissory note to Plaintiff. A true and correct copy of the transfer document is attached hereto as Exhibit "F".

22. An Application for Claim Payment was forwarded to Plaintiff in accordance with the Law Access Loan Private Guarantee Agreement between TERI and Society National Bank. A true and correct copy of the Application for Claim Payment is attached hereto as Exhibit "G".

23. On or about October 8, 1999, in accordance with its Private Guarantee Agreement, Plaintiff paid claims in the amount of $501,355.57 to Key Bank. Included in that amount was payment on Defendant's account in the amount of $14,173.50. True and correct copies of records setting forth the payments are attached hereto as Exhibits "H" and "I", respectively.

24. On or about February 20, 2000, Plaintiff filed a proof of claim indicating that as of July 9, 1999, the date of the bankruptcy filing, Plaintiff held an unsecured claim in the amount of $13,881.85. A true and correct copy of the proof of claim form filed by Plaintiff is attached hereto as Exhibit "J".

25. Defendant did not submit an objection to Plaintiff's proof of claim. Additionally, Defendant did not proceed by adversary proceeding to attempt to discharge the educational loan.

26. Defendant has been credited with two post-bankruptcy payments on his account. On December 2, 1999, Defendant was credited with a payment of $25.00. Defendant was also credited with a payment of $53.97 on January 20, 2001.

27. According to Plaintiff's books and records, as of March 15, 2002, Defendant's account has a principal and interest balance due of $16,875.61. Interest presently accrues at 5.14% per annum (1.74% current index plus 3.40% repayment period) as set forth in Defendant's promissory note. A true and correct copy of Plaintiff's record of Defendant's account reflecting the balance due as of March 15, 2002, is attached hereto has Exhibit "K".

28. The promissory note also provides that Defendant agrees to pay "reasonable amounts permitted by law . . . including reasonable attorney's fees . . . and other collection costs" incurred in enforcing the terms of this promissory note if the Defendant is in default.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 15th day of March, 2002 at BOSTON MASSACHUSETTS

Warren C. Moore
Vice President - Recovery

# EXHIBIT "K"

ACTIVE Post Transactions LITIGATION IN PROGRESS

Acct...: 4697848927001-001000 LAW ACCESS 7%

| | |
|---|---|
| Recoverer....: | TR02 |
| Agency/Atty : | ALEG |
| Financial Rcv: | ACSX |
| Officer Code.: | 831848 |
| Interest %...: | 3.40 |
| Received.....: | 4/22/99 |
| Assigned.....: | 10/04/00 |
| Charged-Off..: | 10/08/99 |
| Last Interest: | 3/15/02 |
| Last Contact.: | |
| Last Payment.: | 1/20/01 |
| Payment Due..: | |
| Judgment Date: | |
| Payment.: | |
| Past Due: Amount | |

Name...: DETTLAFF,DANIEL

Name 2.: ,

2/07/02 RTN ML , TAX INFO, SNT TO NEW ADD

| | Original | Judgment |
|---|---|---|
| Charge-Off Amt...: | 14173.50 | |
| Recovered Princ..: | 25.00 | |
| Net Charge-Off...: | 14148.50 | |
| Associated Costs.: | 2139.33 | |
| Recovered Costs..: | | |
| Accrued Interest.: | 2781.08 | |
| Recovered Int....: | 53.97 | |
| Account Balance..: | 19014.94 | |

Code Date Description

F3 Go Back F10=Split Payment F4 List F19 Accrue Interest

5-18-02 10:06AM FROM- T-576 P.008/008 F-640

**EXHIBIT "C"**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CV-782(JMR/FLN)

| | | |
|---|---|---|
| The Education Resources Institute, Inc. | ) | |
| v. | ) | ORDER |
| Daniel A. Dettlaff | ) | |

This matter is before the Court on plaintiff's motion for summary judgment. The Court heard oral argument on May 8, 2002. Based on the files, records, and proceedings herein, and for the reasons stated at the hearing, IT IS ORDERED that:

Plaintiff's motion is granted. [Docket No. 11.]

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 8th, 2002

JAMES M. ROSENBAUM
United States Chief District Judge

MAY 9 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD

**EXHIBIT "D"**

RECEIVED
SEP 10 2002

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CV-782(JMR/FLN)

| | | |
|---|---|---|
| The Education Resources Institute, Inc. | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Daniel A. Dettlaff | ) | |

Defendant appeals the Order dated July 2, 2002, by the Honorable Franklin L. Noel, United States Magistrate Judge, granting plaintiff's motion for attorney fees in the amount of $12,675.00. Defendant's appeal was timely pursuant to Local Rule 72.1(b)(2).

After a thorough review of the files, records, and proceedings herein, the Court determines that the Magistrate's Order is neither clearly erroneous nor contrary to law. Accordingly, IT IS ORDERED that:

The Magistrate's Order is affirmed.

Dated: August 30, 2002

JAMES M. ROSENBAUM
United States Chief District Judge

41

FILED
RICHARD D. SLETTEN, CLERK
SEP - 5 2002
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

**EXHIBIT "E"**

# UNITED STATES COURT OF APPEALS

## FOR THE EIGHTH CIRCUIT

No. 02-2672

| | | |
|---|---|---|
| The Education Resources Institute, Inc., | * | |
| Appellee, | * | Appeal from the United States District Court for the District of Minnesota |
| vs. | * | |
| Daniel A. Dettlaff, | * | |
| Appellant. | * | |

Appellee's motion for attorney fees and costs has been considered by the Court and is granted in part.

Appellee shall recover from the appellant attorney fees in the amount of $3,400.00 and costs in the amount of $191.40.

The clerk of the United States District Court is directed to place these costs in the previously issued mandate.

(5232-010199)

February 26, 2003

Order Entered at the Direction of the Court:

Michael E. Gans

Clerk, U.S. Court of Appeals, Eighth Circuit